```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
In the matter of the arbitration
                                         19 Civ. 10558
       -between-

KAWASAKI KISEN KAISHA, LTD.,             PETITION TO
                                         APPOINT ARBITRATOR
              Petitioner,

       -and-

BRAUN EXPORT,

              Respondent.
---------------------------------X
```

PLEASE TAKE NOTICE that Petitioner, KAWASAKI KISEN KAISHA, LTD. ("'K' LINE"), by its attorneys Mahoney & Keane LLP, as and for its Petition to appoint the sole arbitrator and compel Respondent, BRAUN EXPORT ("BRAUN"), to arbitrate, alleges, upon information and belief, as follows:

1.  This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.  This Court's jurisdiction over this matter is based upon the Federal Arbitration Act, 9 U.S.C. § 1 et seq. [hereinafter "FAA"], 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1333 (admiralty), and, as well as the Court's pendent, supplementary, and ancillary jurisdiction.

3. The District Court for the Southern District of New York is the proper venue for this matter pursuant to the FAA, inasmuch as the subject agreement between the parties provided for arbitration of any dispute in this District and stated the parties consent to the jurisdiction of this Court for all purposes related thereto.

4. Petitioner, "K" LINE, is a foreign corporation with a principal place of business located in Tokyo, Japan, and a United States agent, "K" Line America, Inc., located at 8730 Stony Point Parkway, Suite 400, Richmond, Virginia 23235.

5. Respondent, BRAUN, is a foreign corporation with a place of business located at 410 Whiteside Street, Los Angeles, California 90063.

6. On or about October 1, 2015, "K" LINE, as Carrier, and both Elite International Cargo and Elite's "affiliate" BRAUN, as Shipper, entered into and were parties to Service Contract No. RIC5083201. A true copy of the Service Contract is herewith attached as Exhibit 1. <u>See</u>, Exhibit 1, at ¶ 1; <u>id.</u> at Appendix A, § 5.

7. Pursuant to the Service Contract, on or about January 7, 2017 through March 25, 2017, "K" LINE, as Carrier, and both Elite and BRAUN, as Shipper, entered into and were parties to bills of lading numbered KKLUUS2468706,

KKLUUS2468656, KKLUUS2758760, KKLUUS2758761, KKLUUS2940038, KKLUUS2758761B, KKLUUS2940141, KKLUUS2758951, KKLUUS2836245, KKLUUS2758952, KKLUUS2940998, KKLUUS2931023, KKLUUS2635520, KKLUUS2838340, KKLUUS2940999, KKLUUS2931024, KKLUUS2635974, and KKLUUS2839210, which each memorialized the agreed freight for the transportation of containerized cargoes of animal hides from the United States and Canada to destinations in China, Japan, South Korea, Taiwan, and Thailand. True copies of the Bill of Lading face pages are herewith attached as Exhibit 2, and a true copy of the Bill of Lading Terms is herewith attached as Exhibit 3.

8. "K" LINE duly performed all duties and obligations required to be performed by "K" LINE in connection with the goods, without complaint from Elite or BRAUN.

9. However, in breach of the governing bills of lading, tariff, and service contract, Elite and BRAUN have failed to pay the duly invoiced freight, despite repeated demands for satisfaction of the account-stated debt owing to "K" LINE from Elite and BRAUN, jointly and severally.

10. By reason of the foregoing, "K" LINE has sustained and continues to sustain damages in the amount of $154,455.00, plus interest, costs, fees, including reasonable attorneys' fees, and expenses for which BRAUN is liable under the terms of the governing contracts and at law.

11. The "**DISPUTES / APPLICABLE LAW**" Clause of the Service Contract provides:

> The substantive law of the State of New York shall govern this Contract and the parties submit to the jurisdiction of the U.S. District Court for the Southern District of New York for all purposes. Any dispute shall be settled exclusively by arbitration at New York by a single arbitrator chosen by the parties or selected by the U.S. District Court, under the Rules of the Society of Maritime Arbitrators. The arbitrator's award may be confirmed in any court of competent jurisdiction and shall be enforceable under the United Nations Convention on the Recognition and Enforcement of Arbitral Awards of June 10, 1958.

See, Exhibit 1, at ¶ 12.

12. Accordingly, on or about September 18, 2018, "K" LINE demanded arbitration of the dispute with BRAUN under the rules of the Society of Maritime Arbitrators ("SMA") in New York, all as called for pursuant to the Service Contract, and proposed LeRoy Lambert, Esq. as sole arbitrator. A true copy of "K" LINE's Demand for Arbitration is herewith attached as Exhibit 4.

13. Upon information and belief, Mr. Lambert is amenable to serving as sole arbitrator. A true copy of the description of Mr. Lambert's background and experience, as found in the official SMA roster at www.smany.org, and readily demonstrating the propriety of his nomination, is herewith attached as Exhibit 5.

14. BRAUN retained counsel in connection with the arbitration, and "K" LINE repeatedly sought BRAUN's advices concerning the appointment of the sole arbitrator.

15. To date, however, BRAUN has neither agreed nor disagreed with "K" LINE's suggested arbitrator, and BRAUN has not proposed any other arbitrator of its own preference, either. A true copy of the most recent correspondence with BRAUN's counsel confirming as much is herewith attached as Exhibit 6.

16. Pursuant to the FAA, a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition the United States District Court for an order directing that such arbitration proceed in the manner provided for in such agreement. 9 U.S.C. § 4.

17. Moreover:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same

5

>     force and effect as if he or they had been
>     specifically named therein; and unless
>     otherwise provided in the agreement the
>     arbitration shall be by a single arbitrator.

9 U.S.C. § 5.

WHEREFORE, Petitioner, "K" LINE, requests an order:

(i) In light of BRAUN's failure to nominate a sole arbitrator or articulate any objection the arbitrator suggested by "K" LINE", appointing LeRoy Lambert, Esq. as sole arbitrator or, in the alternative, appointing an arbitrator of the Court's choosing from the roster of the Society of Maritime Arbitrators;

(ii) Compelling Respondent, BRAUN, to proceed with the arbitration before said sole arbitrator; and

  (iii) Granting to Petitioner such other and further relief as the Court may deem just and proper.

Dated: New York, New York
    November 14, 2019

         Respectfully submitted,

         MAHONEY & KEANE LLP
         Attorneys for Petitioner
         KAWASAKI KISEN KAISHA, LTD.

       By: s/ Garth S. Wolfson
         Edward A. Keane
         Garth S. Wolfson
         61 Broadway, Suite 905
         New York, New York 10006
         (212) 385-1422

ATTORNEY VERIFICATION

I, Garth S. Wolfson, hereby declare as follows:

1. I am the attorney for the Petitioner, and I am fully authorized to make this Verification on its behalf.

2. I have read the foregoing Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

3. The reason that this Verification was made by me and not the Petitioner is that the Petitioner is a corporation none of the officers of which are present in this District.

4. The source of my knowledge is information and records furnished to me by the Petitioner and its representatives, all of which I believe to be true and accurate.

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed: New York, New York
          November 14, 2019

                              By:  s/ Garth S. Wolfson
                                   Garth S. Wolfson
                                   MAHONEY & KEANE, LLP
                                   61 Broadway, Suite 905
                                   New York, New York 10006
                                   (212) 385-1422